UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:26-cv-00220-REW-MAS

SAMANTHA EDDINGTON, Individually, and
as Natural Parent and Next Friend of K.E., a minor and
TOSHA WILLIAMSON, Individually, and
as Natural Parent and Next Friend of T.C., a minor PLAINTIFFS

V. **ANSWER**

SCOTT COUNTY BOARD OF EDUCATION,
BILLY PARKER, BRENT ALLEN,
ELIZABETH GABEHART, RENEA KENNEDY,
RANDY MAYNARD, ARTIE TRENT,
SEAN WOODS, and
JOHN AND JANE DOE DEFENDANTS

* * * * *

Come now Defendants[1], Scott County Board of Education, Billy Parker, Brent Allen, Elizabeth Gabehart, and Randy Maynard, and for their answer to Plaintiffs' Complaint, state as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim on which relief may be granted and therefore must be dismissed in its entirety, with prejudice.

## SECOND DEFENSE

As to the specific allegations of the Complaint, Defendants state as follows:

1. On information and belief, Defendants admit as much of the allegations of Paragraph 1 that allege Plaintiff Samantha Eddington is a resident of Scott County, Kentucky.

[1] This Answer is limited to Defendants Scott County Board of Education, Billy Parker, Brent Allen, Elizabeth Gabhart, and Randy Maynard. Defendants Renea Kennedy and Artie Trent have not been issued nor served with summons, and accordingly no response is offered on their behalf. Nothing about this answer should be construed as an appearance by Defendants Kennedy and Trent, nor a waiver of any argument or defense to which Defendants Kennedy and Trent may be entitled.

Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the remaining allegations contained in Paragraph 1 and therefore deny the same.

2. On information and belief, Defendants admit as much of the allegations of Paragraph 2 that allege Plaintiff Tosha Williamson is a resident of Scott County, Kentucky. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the remaining allegations contained in Paragraph 2 and therefore deny the same.

3. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 3 and therefore deny the same.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit as much of the allegations of Paragraph 5 that allege Defendant Parker was and is Superintendent of Scott County Public Schools. Defendants further admit Defendant Parker had and has a work mailing address of 2168 Frankfort Road, Georgetown, Kentucky 40324. The remaining allegations of Paragraph 5 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

6. Defendants admit as much of the allegations of Paragraph 6 that allege Defendant Allen was and is Assistant Superintendent of Scott County Public Schools. Defendants further admit Defendant Allen had and has a work mailing address of 2168 Frankfort Road, Georgetown, Kentucky 40324. The remaining allegations of Paragraph 6 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

7. Defendants admit as much of the allegations of Paragraph 7 that allege Defendant Gabehart was Principal of Scott County High School during the 2025-2026 academic year.

Defendants deny the address stated for Defendant Gabehart in Paragraph 7. The remaining allegations of Paragraph 7 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

8. Defendants admit as much of the allegations of Paragraph 8 that allege Defendant Kennedy was and is Assistant Principal of Scott County High School. Defendants deny the address stated for Defendant Kennedy in Paragraph 8. The remaining allegations of Paragraph 8 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

9. Defendants admit as much of the allegations of Paragraph 9 that allege Defendant Maynard was and is Assistant Principal of Scott County High School. Defendants deny the address stated for Defendant Maynard in Paragraph 9. The remaining allegations of Paragraph 9 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

10. Defendants admit as much of the allegations of Paragraph 10 that allege Defendant Trent was and is Assistant Principal of Scott County High School. Defendants deny the address stated for Defendant Trent in Paragraph 10. The remaining allegations of Paragraph 10 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

11. Defendants admit as much of the allegations of Paragraph 11 that allege Defendant Woods was an employee of Scott County High School. Defendants deny the address stated for Defendant Woods in Paragraph 11. The remaining allegations of Paragraph 11 state legal conclusions for which no response is required; but to the extent a response may be required, those remaining allegations are denied.

12. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the remaining allegations contained in Paragraph 12 and therefore deny the same.

13. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 13 and therefore deny the same.

14. Paragraphs 14 and 15 assert legal conclusions that require no response. However, to the extent a response is required, Defendants deny that Scott Circuit Court is the proper place for jurisdiction and venue and therefore deny the allegations in Paragraphs 14 and 15.

15. Upon information and belief, Defendants admit the allegations in Paragraph 16.

16. Upon information and belief, Defendants admit the allegations in Paragraph 17.

17. Defendants admit the allegations in Paragraph 18 to the extent they assert K.E. and T.C. were students at Scott County High School from August 2023 to January 2026. Defendants deny the remaining allegations in Paragraph 18.

18. Paragraphs 19, 20, 21, 22, 23, and 24 assert legal conclusions which do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 19, 20, 21, 22, 23, and 24.

**Facts**

19. No response is required for the allegations in Paragraph 25, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-24.

20. Defendants admit the allegations in Paragraph 26.

21. Paragraph 27 asserts a legal conclusion and no response is required.

22. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the remaining allegations contained in Paragraph 28 and therefore deny the same and deny the allegations in Plaintiffs' complaint concerning Defendants' conduct.

23. Defendants admit the allegations in Paragraph 29 to the extent they assert K.E. and T.C. were students at Scott County High School from August 2023 to January 2026. Upon information and belief, Defendants further admit that K.E. and T.C. were under the age of 18. Defendants deny any remaining allegations in Paragraph 29.

24. Upon information and belief, Defendants admit the allegations in Paragraph 30.

25. Defendants admit the allegations in Paragraph 31 to the extent Paragraph 31 alleges SCHS had and has security cameras. Defendants deny any remaining allegations in Paragraph 31.

26. As to Paragraph 32, Defendants admit Defendant Woods began employment at SCHS in April of 2025, was suspended with pay in March of 2026, and given notice his contract was non-renewed in February of 2026. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations regarding Defendant Doe. Defendants deny all remaining allegations of Paragraph 32.

27. Defendants admit the allegations in Paragraph 33.

28. Defendants admit the allegations in Paragraph 34.

29. Defendants admit the allegations in Paragraph 35.

30. Defendants admit the allegations in Paragraph 36.

31. Defendants admit the allegations in Paragraph 37.

32. Defendants admit the allegations in Paragraph 38.

33. Defendants admit the allegations in Paragraph 39.

34. As to the allegations in Paragraph 40, Paragraph 40 and its subparts (a) through (f) contain narrative statements to which no response is required. However, to the extent a response is required, Defendants deny the allegations of Paragraph 40 and its subparts (a) through (f).

35. Upon information and belief, Defendants admit so much of Paragraph 41 that states T.C. and other JAG students were in Defendant Woods' classroom on November 10, 2025. However, regarding Paragraph 41 subparts (a) through (d), Defendants respond as follows:

a. Defendants deny the allegations in Paragraph 41, subpart (a).

b. Defendants deny the allegations in Paragraph 41, subpart (b).

c. Defendants deny the allegations in Paragraph 41, subpart (c).

d. Defendants admit so much of Paragraph 41, subpart (d) that states Defendant Woods permitted students to engage in classroom conversations regarding parties. However, Defendants deny the remaining allegations in Paragraph 41, subpart (d).

36. Defendants admit so much of Paragraph 42 that states during lunchtime on November 18, 2025, K.E. and T.C. informed Codye McCann they wanted to speak with her. However, Defendants deny the remaining allegations contained in Paragraph 42, including but not limited to the allegation that K.E. and T.C. reported Defendant Woods' conduct during lunch. Further, as to Paragraph 42, subparts (a) through (d), Defendants respond as follows:

a. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the remaining allegations contained in Paragraph 42, subpart (a), and therefore deny the same.

b. Regarding the allegations in Paragraph 42, subpart (b), Defendants state that Defendant Gabehart called Plaintiff Williamson and Plaintiff Eddington at approximately 5:00 p.m. on November 18, 2025. Defendants deny any remaining allegations in Paragraph 42, subpart (b) as stated.

c. As to Paragraph 42, subpart (c), Defendants admit Defendant Gabehart left a voicemail message for Plaintiff Williamson but deny all remaining allegations of Paragraph 42, subpart (c).

d. Defendants admit the allegations in Paragraph 42, subpart (d).

37. Defendants admit so much of Paragraph 43 that states Plaintiffs met with Defendant Allen. However, Defendants deny the remaining allegations of the opening sentence of Paragraph 43. Further, as to Paragraph 43, subparts (a) through (s), Defendants respond as follows:

a. Defendants admit the allegations in Paragraph 43, subpart (a).

b. As to Paragraph 43, subpart (b), Defendants admit K.E. attended the field trip. However, Defendants deny all remaining allegations of Paragraph 43, subpart (b).

c. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 43, subpart (c), and therefore deny the same.

d. Defendants deny the allegations in Paragraph 43, subpart (d).

e. Defendants deny the allegations in Paragraph 43, subpart (e).

f. Upon information and belief, Defendants deny the allegations in Paragraph 43, subpart (f).

g. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 43, subpart (g), and therefore deny the same.

h. Defendants deny the allegations in Paragraph 43, subpart (h).

i. Defendants admit the allegations in Paragraph 43, subpart (i).

j. Defendants admit as much of the allegations in Paragraph 43, subpart (j), as state that Plaintiffs suggested Defendant Woods be suspended. Defendants deny the remaining allegations of Paragraph 43, subpart (j), as stated.

k. Regarding the allegations in Paragraph 43, subpart (k), Defendants admit Defendant Allen requested a timeline of events to assist with his investigation. However, Defendants deny any remaining allegations in Paragraph 43, subpart (k).

l. Defendants deny the allegations in Paragraph 43, subpart (l).

m. As to the allegations in Paragraph 43, subpart (m), Defendants admit Plaintiff Williamson provided Defendant Allen with a written timeline that named potential student witnesses. However, Defendants deny the remaining allegations in Paragraph 43, subpart (m).

n. Defendants deny the allegations in Paragraph 43, subpart (n) as stated.

o. Defendants deny the allegations in Paragraph 43, subpart (o) as stated.

p. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 43, subpart (p), and therefore deny the same.

q. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 43, subpart (q), and therefore deny the same.

r. Upon information and belief, Defendants admit as much of the allegations in Paragraph 43, subpart (r), as allege Plaintiffs contacted Officer Hodapp, but deny any remaining allegations in Paragraph 43, subpart (r).

s. Defendants deny the allegations in Paragraph 43, subpart (s).

38. Defendants admit the allegations in the opening sentence of Paragraph 44. However, as to Paragraph 44, subparts (a) through (g), Defendants respond as follows:

a. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 44, subpart (a), and therefore deny the same.

b. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 44, subpart (b), and therefore deny the same.

c. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 44, subpart (c), and therefore deny the same.

d. Defendants deny the allegations in Paragraph 44, subpart (d) as stated.

e. Defendants deny the allegations in Paragraph 44, subpart (e).

f. Defendants deny the allegations in Paragraph 44, subpart (f).

g. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 44, subpart (g), and therefore deny the same.

39. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 45 and therefore deny the same.

40. Defendants admit the allegations in the opening sentence of Paragraph 46. However, as to its subparts (a) through (g), Defendants respond as follows:

a. Defendants admit the allegations in Paragraph 46, subpart (a).

b. Defendants deny the allegations in Paragraph 46, subpart (b), as stated.

c. Defendants deny the allegations in Paragraph 46, subpart (c).

d. Defendants deny the allegations in Paragraph 46, subpart (d).

e. Defendants deny the allegations in Paragraph 46, subpart (e).

f. Defendants deny the allegations in Paragraph 46, subpart (f).

g. Defendants admit the allegations in Paragraph 46, subpart (g).

41. Defendants admit the allegations in the opening sentence of Paragraph 47. However, as to its subparts (a) through (c), Defendants respond as follows:

a. Defendants admit the allegations in Paragraph 47, subpart (a).

b. Defendants deny the allegations in Paragraph 47, subpart (b).

c. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 47, subpart (c), and therefore deny the same.

42. Defendants admit as much of the allegations in the opening sentence of Paragraph 48 as alleged Plaintiffs spoke with Ms. McCann on or about December 1, 2025. However, as to its subparts (a) through (f), Defendants respond as follows:

a. As to the allegations in Paragraph 48, subpart (a), Defendants admit Plaintiffs requested T.C. and K.E. be allowed to enroll in Scott County Online Learning Academy. Defendants deny all remaining allegations in Paragraph 48, subpart (a).

b. Defendants admit the allegations in Paragraph 48, subpart (b), except that Defendants deny a specific time as stated in that subpart.

c. As to the allegations in Paragraph 48, subpart (c), Defendants admit Defendant Allen informed Plaintiffs that no witnesses corroborated some of K.E. and T.C.'s allegations, and state that Defendant Allen's investigation report speaks for itself on what he learned from witnesses. However, Defendants deny all remaining allegations in Paragraph 48, subpart (c).

d. As to the allegations in Paragraph 48, subpart (d), Defendants admit Defendant Allen stated his investigation indicated T.C. spoke with Defendant Woods about a pregnancy scare. Defendants deny all remaining allegations in Paragraph 48, subpart (d).

e. Defendants deny the allegations in Paragraph 48, subpart (e).

f. Defendants admit that Plaintiffs sent emails to administrators following the December 1, 2025, conversation; however, Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the remaining allegations in Paragraph 48, subpart (f) and therefore deny the same.

43. Defendants admit the allegations in the opening sentence of Paragraph 49. However, as to its subparts (a) through (d), Defendants respond as follows:

a. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 49, subpart (a), and therefore deny the same.

b. Defendants deny the allegations in Paragraph 49, subpart (b).

c. As to the allegations in Paragraph 49, subpart (c), Defendants admit that concerns were raised regarding Defendant Woods by another SCHS employee but deny the remaining allegations of subpart (c).

d. Defendants deny the allegations in Paragraph 49, subpart (d).

44. Defendants admit as much of the allegations in the opening sentence Paragraph 50 as state Plaintiff Williamson posted on social media in relation to Defendant Woods but deny the remaining allegations of that sentence. As to subparts (a) through (b), Defendants respond as follows:

a. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 50, subpart (a), and therefore deny the same.

b. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 50, subpart (b), deny any such relationship between Defendants Gabehart and Woods, and therefore deny the same.

45. Defendants admit as much of the allegations in the opening sentence of Paragraph 51 as allege Scott County Public Schools released a statement to the News Graphic, which speaks for itself, and denies the remaining allegations in that sentence. As to its subpart (a), Defendants respond as follows:

a. As to the allegations in Paragraph 51, subpart (a), Defendants admit that Defendant Gabehart informed Plaintiff Williamson that she did not know who issued the statement. However, Defendants deny all remaining allegations in Paragraph 51, subpart (a).

46. As to the allegations in Paragraph 52, Defendants admit that Plaintiffs spoke at the December 18, 2025, Scott County Schools Board Meeting. However, Defendants deny all remaining allegations in Paragraph 52.

47. Defendants deny the allegations in Paragraph 53.

48. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 54, including its subparts, and therefore deny the same.

49. Defendants admit the allegations in the opening sentence of Paragraph 55. However, as to its subparts (a) through (h), Defendants respond as follows:

a. Defendants deny the allegations in Paragraph 55, subpart (a).

b. Defendants deny the allegations in Paragraph 55, subpart (b).

c. Defendants deny the allegations in Paragraph 55, subpart (c).

d. Defendants deny the allegations in Paragraph 55, subpart (d).

e. As to Paragraph 55, subpart (e), Defendants admit K.E. has a 504 plan through Scott County High School. However, Defendants deny all remaining allegations in Paragraph 55, subpart (e).

f. As to Paragraph 55, subpart (f), Defendants admit Plaintiffs sent emails to Defendants Allen, Gabehart, and Parker. However, Defendants deny all remaining allegations in Paragraph 55, subpart (f).

g. As to Paragraph 55, subpart (g), Defendants admit Plaintiffs posted photographs of the map given to K.E. and T.C. on Facebook and that Mrs. McCann requested the photographs be removed for safety reasons. Defendants state any prior posting of the layout of Scott County High School dated back several years to a time of community meetings when the school was being built, and that the posting has since been taken down for the same safety concerns that prompted

the request for Plaintiff Williamson to take it down. Defendants deny all remaining allegations in Paragraph 55, subpart (g).

h. Defendants deny the allegations in Paragraph 55, subpart (h).

50. Defendants deny the allegations in Paragraph 56.

51. As to the allegations in Paragraph 57, Defendants admit K.E. and T.C. voluntarily transferred from Scott County High School to another high school in the same district but deny the remaining allegations contained in Paragraph 57.

52. Defendants admit the allegations in Paragraph 58 but deny any alleged personal relationship inferred in Paragraph 58 or otherwise in Plaintiffs' complaint.

53. Defendants admit as much of the allegations in Paragraph 59 as state Plaintiff Williamson submitted an open records request to Scott County Public Schools on or about February 4, 2026, and deny any remaining allegations in Paragraph 59.

54. As to the allegations in Paragraph 60, Defendants admit Defendant Woods coached the SCHS basketball team at a game on February 7, 2026. However, Defendants deny all remaining allegations in Paragraph 60.

55. Defendants deny the allegations in Paragraph 61.

56. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in the opening sentence of Paragraph 62 and therefore deny the same. As to Paragraph 62, subparts (a) through (d), Defendants respond as follows:

a. Defendants deny the allegations in Paragraph 62, subpart (a).

b. Defendants deny the allegations in Paragraph 62, subpart (b).

c. Defendants admit the allegations in Paragraph 62, subpart (c).

d. Defendants admit the allegations in Paragraph 62, subpart (d).

57. Defendants deny the allegations in Paragraph 63.

58. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 64, and therefore deny the same.

59. Defendants deny the allegations in Paragraph 65.

60. Defendants admit the allegations in the opening sentence of Paragraph 66. However, as to its subparts (a) through (f), Defendants respond as follows:

a. Defendants deny the allegations in Paragraph 66, subpart (a).

b. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 66, subpart (b), and therefore deny the same.

c. Defendants deny the allegations in Paragraph 66, subpart (c) as stated.

d. Defendants state Defendant Allen's investigation report speaks for itself, admit Defendant Allen has stood by that investigation, state Defendant Allen has made all reports required by law, and deny all remaining allegations in Paragraph 66, subpart (d), as stated.

e. Upon information and belief, Defendants admit the allegations in Paragraph 66, subpart (e).

f. Defendants deny the allegations in Paragraph 66, subpart (f) as stated.

61. Defendants lack knowledge or information sufficient to admit the truthfulness or falsity of the allegations contained in Paragraph 67, and therefore deny the same.

62. Defendants admit as much of the allegations in Paragraph 68 as allege that in March 2026, Plaintiff Williamson was provided records responsive to her February 2026 open records request.

63. As to the allegations in Paragraph 69, Defendants admit that Plaintiffs attended a Scott County Schools Board Meeting on March 26, 2026. However, Defendants deny all remaining allegations in Paragraph 69.

64. Defendants deny the allegations in Paragraph 70.

65. Defendants deny the allegations in Paragraph 71.

66. Defendants deny the allegations in Paragraph 72.

67. Defendants admit as much of the allegations in Paragraph 73 as allege one or more Defendants may have been aware of an unrelated legal action involving Mr. Woods but deny the remaining allegations of Paragraph 73 as stated.

68. Defendants deny the allegations in Paragraph 74.

69. No response is required for the allegations in Paragraph 75, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-74 of the complaint.

70. Paragraph 76 asserts a legal conclusion and therefore does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 76 as stated.

71. Defendants deny the allegations of Paragraphs 77, 78, 79, and 80.

72. No response is required for the allegations in Paragraph 81, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-80 of the complaint.

73. Defendants deny the allegations in Paragraphs 82 and 83.

74. No response is required for the allegations in Paragraph 84, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-83 of the complaint.

75. Defendants deny the allegations in Paragraphs 85 and 86.

76. No response is required for the allegations in Paragraph 87, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-86 of the complaint.

77. Defendants deny the allegations in Paragraphs 88 and 89.

78. No response is required for the allegations in Paragraph 90, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-89 of the complaint.

79. Defendants deny the allegations in Paragraphs 91, 92, 93, and 94.

80. No response is required for the allegations in Paragraph 95, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-94 of the complaint.

81. Paragraph 96 asserts a legal conclusion and therefore does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 96 as stated.

82. Defendants deny the allegations in Paragraphs 97, 98, 99, and 100.

83. No response is required for the allegations in Paragraph 101, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-100 of the complaint.

84. Defendants state that KRS 620.030 speaks for itself and therefore deny the allegations of Paragraph 102 as stated and deny any alleged failure to comply with that statute.

85. Defendants deny the allegations in Paragraphs 103 and 104.

86. No response is required for the allegations in Paragraph 105, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-104 of the complaint.

87. Defendants state that KRS 620.030 speaks for itself and therefore deny the allegations of Paragraphs 106 and 107 as stated and deny any alleged failure to comply with that statute.

88. Defendants deny the allegations in Paragraphs 108 and 109.

89. No response is required for the allegations in Paragraph 110, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-109 of the complaint.

90. Defendants state that Scott County School District Policy 09.227 speaks for itself, deny any alleged failure to comply with that policy, and therefore deny the allegations of Paragraphs 111, 112, and 113 as stated.

91. Defendants deny the allegations in Paragraph 114 and 115.

92. No response is required for the allegations in Paragraph 116, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-115 of the complaint.

93. Paragraphs 117 and 118 assert legal conclusions and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 117 and 118.

94. Defendants deny the allegations in Paragraphs 119, 120, and 121.

95. No response is required for the allegations in Paragraph 122, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-121 of the complaint.

96. Defendants deny the allegations in Paragraphs 123 and 124.

97. No response is required for the allegations in Paragraph 125, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-124 of the complaint. Defendants deny the allegations in Paragraphs 126 and 127.

98. No response is required for the allegations in Paragraph 128, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-127 of the complaint.

99. Defendants deny the allegations in Paragraphs 129 and 130.

100. Defendants deny the allegations in Paragraph 131.

101. Paragraph 132, including its subparts (a) and (b), asserts a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 132, including its subparts (a) and (b).

102. Paragraphs 133 asserts a legal conclusion and therefore does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 133.

103. Defendants deny the allegations in Paragraph 134.

104. Paragraphs 135 and 136 assert legal conclusions and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 135 and 136.

105. Defendants state *Williams, et al. v. Kentucky Department of Education, et al.*, 113 S.W.3d 145 (Ky. 2003) speaks for itself and therefore deny the allegations of Paragraph 137 as stated.

106. Defendants state *Lane v. Commonwealth*, 956 S.W.2d 874 (Ky. 1997) speaks for itself and therefore deny the allegations of Paragraph 138 as stated.

107. Paragraphs 139 and 140 assert legal conclusions and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 139 and 140.

108. Defendants deny the allegations in Paragraphs 141 and 142.

109. Paragraph 143 asserts a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 143 as stated.

110. Defendants deny the allegations of Paragraphs 144, 145, 146, 147, 148, and 149.

111. No response is required for the allegations in Paragraph 150, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-149 of the complaint.

112. Defendants state KRS § 344, *et seq*. speaks for itself and therefore denies the allegations in Paragraph 151 as stated.

113. Defendants deny the allegations in Paragraphs 152, 153, 154, and 155.

114. No response is required for the allegations in Paragraph 156, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-155 of the complaint.

115. Defendants state KRS § 344, *et seq*. speaks for itself and therefore denies the allegations in Paragraph 157 as stated.

116. Defendants deny the allegations in Paragraphs 158, 159, 160, and 161.

117. No response is required for the allegations in Paragraph 162, but to the extent a response is required, Defendants adopt and incorporate their responses herein to Paragraphs 1-161 of the complaint.

118. Defendants deny the allegations in Paragraphs 163 and 164.

119. No response is required for Paragraph 165. However, to the extent a response is required, Defendants deny the allegations in Paragraph 165.

120. Defendants deny the allegations in Paragraphs 166, 167, and 168.

121. Defendants deny any remaining allegations of the Plaintiff's complaint not specifically admitted herein.

**THIRD DEFENSE**

Defendants plead insufficiency of service of process as a bar in whole or in part to Plaintiffs' Complaint.

**FOURTH DEFENSE**

Plaintiffs' claims must be dismissed with prejudice to the extent they are barred by sovereign immunity, governmental immunity, qualified immunity, qualified official immunity, good faith immunity, and/or any other state or federal immunity that may apply, including but not necessarily limited to the provisions of 20 USC 6731 *et seq*., and no action of Defendants, or any of them, was taken or failed to be taken in respect to Plaintiffs with malice or outside the discharge of Defendants' duties.

**FIFTH DEFENSE**

At all times relevant hereto, Defendants acted reasonably, properly, in good faith, in accordance with law, without wrongful intent or malice, with proper justification and in the

exercise of reasonable professional judgment, including but not necessarily limited to Defendants' actions with respect to their employment, professional duties and/or professional responsibilities, or otherwise with respect to Plaintiffs.

**SIXTH DEFENSE**

In all matters pertaining to the allegations in the complaint, Defendants acted in conformity with all applicable statutes, regulations, common law, and in conformity with the Constitutions of Kentucky and the United States of America.

**SEVENTH DEFENSE**

In the event Defendants, or any of them, are found liable for any loss, damage, or injury sustained by Plaintiffs, and such loss, damage, or injury was due in whole or in part to the actions, omissions or failures of others, then Plaintiffs' recovery against Defendants, or any of them, should be reduced in whole or in part by reason of the doctrines of comparative and/or superseding fault.

**EIGHTH DEFENSE**

No facts exist upon which an award of punitive damages is available against Defendants, and any such award based on the allegations in Plaintiffs' complaint would be in violation of the constitutionally protected property rights of Defendants and would otherwise be contrary to public policy.

**NINTH DEFENSE**

Any duty to report suspected abuse imposed by KRS 620.030 on Defendants is likewise imposed upon all citizens of the Commonwealth, and thus Defendants, who had no knowledge or reasonable cause for reporting under KRS 620.030 or otherwise fulfilled any duty imposed by that statute, cannot be held liable for the failure to report by others who may have known about or had reason to believe abuse had occurred.

**TENTH DEFENSE**

No Defendant should be held vicariously liable for the acts or omissions of others working within Scott County Public Schools.

**ELEVENTH DEFENSE**

If Plaintiffs sustained any loss, damage, or injury as asserted in the complaint, such was caused or brought about solely by the acts or omissions of persons other than Defendants, or any of them, which acts or omissions were an intervening and superseding cause, event, or action not under the control of Defendants, or any of them, and Defendants affirmatively plead and rely upon such as a bar in whole or in part, to the causes of action asserted herein by Plaintiffs.

**TWELFTH DEFENSE**

Defendants may be entitled to indemnification and/or contribution from others for any loss, damage, or injury caused to Plaintiffs by Defendants' alleged intentional and/or wrongful acts, or by others' acts or omissions.

**THIRTEENTH DEFENSE**

Plaintiffs' claims should be barred, in whole or in part, to the extent Plaintiffs have failed to name an indispensable party to this action.

**FOURTEENTH DEFENSE**

Plaintiffs' claims against any Defendant should be barred to the extent that a Defendant was neither the employer of Defendant Woods nor an official with statutory authority to take personnel action with respect to Defendant Woods.

**FIFTEENTH DEFENSE**

Plaintiffs' claims for recovery should be barred, in whole or in part, to the extent they have failed to reasonably mitigate damages.

**SIXTEENTH DEFENSE**

Plaintiffs' claims for recovery should be barred to the extent they are attributable in whole or in part to pre-existing conditions and/or collateral causes and/or subsequent conditions that Defendants did not create or are not otherwise responsible for.

**SEVENTEENTH DEFENSE**

Plaintiffs may have failed to mitigate any and all of their alleged damages and/or aggravated same by their own actions or inactions, which bars in whole or in part their claims for damages.

**EIGHTEENTH DEFENSE**

Defendants had no adequate and timely notice, actual or constructive, of the alleged harassment of which the Plaintiffs now complain, and Defendants rely upon same as a complete bar to the Plaintiffs' Complaint.

**NINETEENTH DEFENSE**

Defendants have no vicarious liability for any harassment or discrimination alleged by the Plaintiff, which harassment and discrimination are expressly denied, because Scott County Public Schools has promulgated effective policies on harassment and discrimination, exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior, and the Plaintiffs unreasonably failed to take advantage of preventive opportunities provided.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred to the extent they failed to timely report any incident of alleged harassment or discrimination to appropriate officials and/or to follow appropriate administrative procedures for dealing with same, and Defendants rely upon said facts as a complete bar to the Plaintiffs' Complaint.

**TWENTY-FIRST DEFENSE**

Plaintiffs have not pleaded any facts on which an award of punitive damages, emotional distress damages or attorney fees would be warranted against Defendants.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims, or parts thereof, are barred to the extent they fall outside of the applicable statute of limitations and therefore should be dismissed in whole or in part.

**TWENTY-THIRD DEFENSE**

Defendants provisionally plead the affirmative defenses of FRCP 8 and FRCP 12, as if fully restated herein and to the extent not already expressly stated herein, with the applicability thereof, if any, to be determined during discovery with amendment to pleadings accordingly.

**TWENTY-FOURTH DEFENSE**

Defendants reserve the right to raise any other defense that may become known in the course of discovery.

WHEREFORE, Defendants respectfully request judgment be entered in their favor and that Plaintiffs' complaint be dismissed and that they take nothing thereby. Defendants further request their costs and expenses, including attorney's fees, herein expended in this matter, for a trial by jury, and for any and all other appropriate relief to which they may appear to be entitled.

Respectfully submitted,

***/s/ Joshua M. Salsburey***

Joshua M. Salsburey, KBA No. 89038
Elizabeth A. Deener, KBA No. 90489
Emma J. Redinger, KBA No. 101052
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507
Telephone: (859) 255-8581

Facsimile: (859) 231-0851
Email: jsalsburey@sturgillturner.com
edeener@sturgillturner.com
eredinger@sturgillturner.com
*Attorneys for Defendant Scott County Board of Education, Billy Parker, Brent Allen, Elizabeth Gabehart, and Randy Maynard*

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing has been electronically filed with the court's CM/ECF system on June 23, 2026, and that same has been sent by electronic mail and/or United States Mail to the following:

Tracy D. Frye
Marie D. Troxler
Whitney N. Davis
Frye, Troxler & Davis, PSC
400 Ferry Street, P.O. Box 411
Russell, KY 41169
(606) 833-8400
Email: tracydfrye@me.com
marietroxler@fryelawpsc.com
whitneydavis@fryelawpsc.com
*Counsel for Plaintiffs*

Sean Woods
c/o Michael A. Owsley
Lindsay Tate Porter
English, Lucas, Priest & Owsley, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Phone: 270-781-6500
Fax: 270-782-7782
Email: mowsley@elpolaw.com
lporter@elpolaw.com
*Counsel for Defendant Woods*

***/s/ Joshua M. Salsburey***
*Attorney for Defendant Scott County Board of Education, Billy Parker, Brent Allen, Elizabeth Gabehart, and Randy Maynard*