UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:26-cv-00220-REW-MAS

SAMANTHA EDDINGTON, Individually, and as Natural Parent and Next Friend of K.E., a minor; and TOSHA WILLIAMSON, Individually, and as Natural Parent and Next Friend of T.C., a minor PLAINTIFFS

v.

SCOTT COUNTY BOARD OF EDUCTION; BILLY PARKER; BRENT ALLEN; ELIZABETH GABEHART; RENEA KENNEDY; RANDY MAYNARD; ARTIE TRENT; SEAN WOODS; and JOHN AND JANE DOE DEFENDANTS

---

**DEFENDANT SEAN WOODS' ANSWER TO COMPLAINT**

---

The Defendant, Sean Woods ("Woods"), by and through counsel, and for his Answer to Plaintiffs' Complaint, states as follows:

**FIRST DEFENSE**

The Plaintiffs' complaint fails to state a claim against Defendant Woods upon which relief may be granted and should be dismissed.

**SECOND DEFENSE**

1. Defendant Woods is without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 3, 12, 13, 28, 31, 42(a), 42(b), 42(c), 42(d), 43(b), 43(c), 43(d), 43(g), 43(h), 43(i), 43(j), 43(k), 43(l), 43(m), 43(n), 43(o), 43(p), 43(q), 43(r), 44(a), 44(b), 44(c), 44(d), 44(g), 45, 46(a), 46(b), 46(c), 46(d), 46(e), 46(f), 46(g), 47(a), 47(b), 47(c), 48(a), 48(b), 48(c), 48(d), 48(e), 48(f), 49(a), 49(b), 49(c), 49(d), 50(a), 52, 54(a), 55(a), 55(b), 55(c), 55(d), 55(e), 55(f), 55(g), 55(h), 57, 59, 61, 62(b),

62(d), 63, 64, 66(a), 66(b), 66(c), 66(d), 66(e), 66(f), 67, 68, 69, and 70 of the Complaint, and therefore denies said paragraphs.

2. Defendant Woods, upon information and belief, admits the allegations contained in paragraphs 4, 16, 17, 26, 29, 30, 33, 34, 35, 36, 37, 38, 39, 62(c), and 65 of the Complaint.

3. Defendant Woods only admits so much of paragraph 5 of the Complaint which states that Defendant Parker was and is the Superintendent of the Board of Education of Scott County, Kentucky, which has a work mailing address of 2168 Frankfort Road, Georgetown, Kentucky 40324. The remaining allegations contained within paragraph 5 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

4. Defendant Woods only admits so much of paragraph 6 of the Complaint which states that Defendant Allen was and is Assistant Superintendent of the Board of Education of Scott County, Kentucky, which has a work mailing address of 2168 Frankfort Road, Georgetown, Kentucky 40324. The remaining allegations contained within paragraph 6 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

5. Defendant Woods only admits so much of paragraph 7 of the Complaint which states that Defendant Gabehart was Principal of Scott County High School during the 2025-2026 academic year. Defendant Woods denies the address stated for Defendant Gabehart in paragraph 7. The remaining allegations contained within paragraph 7 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

6. Defendant Woods only admits so much of paragraph 8 of the Complaint which states that Defendant Kennedy was and is Assistant Principal of Scott County High School.

Defendant Woods denies the address stated for Defendant Kennedy in paragraph 8. The remaining allegations contained within paragraph 8 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

7. Defendant Woods only admits so much of paragraph 9 of the Complaint which states that Defendant Maynard was and is Assistant Principal of Scott County High School. Defendant Woods denies the address stated for Defendant Kennedy in paragraph 9. The remaining allegations contained within paragraph 9 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

8. Defendant Woods only admits so much of paragraph 10 of the Complaint which states that Defendant Trent was and is Assistant Principal of Scott County High School. Defendant Woods denies the address stated for Defendant Kennedy in paragraph 10. The remaining allegations contained within paragraph 10 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

9. Defendant Woods only admits so much of paragraph 11 of the Complaint which states that he was an employee of Scott County High School. Defendant Woods denies the address stated for him in paragraph 11. The remaining allegations contained within paragraph 11 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all remaining allegations contained therein.

10. Paragraphs 14, 15, 19, 20, 27, 76, 83, 86, 89, 94, 96, 100, 102, 104, 106, 107, 109, 111, 112, 113, 115, 117, 118, 120, 121, 123, 124, 126, 127, 129, 130, 132(a), 132(b), 133, 134,

135, 136, 137, 138, 139, 142, 143, 144, 149, 151, 155, 157, 161, 164, 165, 166, 167, and 168 of the Complaint contain assertions or conclusions of law which are to be determined by the Court. Until the Court makes such determinations, Defendant Woods denies all allegations contained therein.

11. With regard to paragraph 18 of the Complaint, Defendant Woods admits that K.E. and T.C. were students at Scott County High School from August 2023 to January 2026. Defendant Woods denies all remaining allegations contained in paragraph 18.

12. Defendant Woods denies the allegations contained in paragraphs 21, 22, 23, 24, 40(a), 40(b), 40(c), 40(d), 40(e), 40(f), 41(a), 41(b), 41(c), 41(d), 43(a), 43(s), 43(e), 43(f), 44(e), 44(f), 50(b), 53, 56, 62(a), 71, 72, 74, 77, 78, 79, 80, 82, 85, 88, 91, 92, 93, 97, 98, 99, 103, 108, 114, 119, 131, 140, 141, 145, 146, 147, 148, 152, 153, 154, 158, 159, 160, 163, and the entirety of the prayer for relief in the Complaint.

13. Defendant Woods states that no response is required to the allegations contained in paragraphs 25, 75, 81, 84, 87, 90, 95, 101, 105, 110, 116, 122, 125, 128, 150, 156, and 162 of the Complaint; however, to the extent any response is needed, the allegations in said paragraphs are denied.

14. With regard to paragraph 32 of the Complaint, Defendant Woods admits that he was employed at SCHS from April of 2025 through the end of the contract year. Defendant Woods is without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the remaining allegations contained in paragraph 32 of the Complaint, and therefore denies same.

15. With regard to paragraph 51 of the Complaint, Defendant Woods states that the press release is a written statement which speaks for itself. All other remaining allegations contained within paragraph 51, including subpart (a), are denied.

16. With regard to paragraph 58 of the Complaint, Defendant Woods admits the allegations therein but denies any alleged personal relationship inferred/mischaracterization in paragraph 58 or otherwise in Plaintiffs' Complaint.

17. With regard to paragraph 60 of the Complaint, Defendant Woods admits coaching the SCHS basketball team on February 7, 2026. All remaining allegations contained in paragraph 60 are denied.

18. Defendant Woods denies every allegation and contest every demand for relief not specifically admitted herein.

## THIRD DEFENSE

Defendant Woods pleads insufficiency of service of process as a bar in whole or in part to Plaintiffs' Complaint.

## FOURTH DEFENSE

Plaintiffs' claims must be dismissed with prejudice to the extent they are barred by sovereign immunity, governmental immunity, qualified immunity, qualified official immunity, good faith immunity, and/or any other state or federal immunity that may apply, including but not necessarily limited to the provisions of 20 USC 6731 *et seq*., and no action of Defendant Woods was taken or failed to be taken in respect to Plaintiffs with malice or outside the discharge of his duties.

## FIFTH DEFENSE

At all times relevant hereto, Defendant Woods acted reasonably, properly, in good faith, in accordance with law, without wrongful intent or malice, with proper justification and in the exercise of reasonable professional judgment, including but not necessarily limited to Woods' actions with respect to his employment, professional duties and/or professional responsibilities, or otherwise with respect to Plaintiffs.

**SIXTH DEFENSE**

In all matters pertaining to the allegations in the complaint, Defendant Woods acted in conformity with all applicable statutes, regulations, common law, and in conformity with the Constitutions of Kentucky and the United States of America.

**SEVENTH DEFENSE**

In the event Defendant Woods, or any other Defendant, is found liable for any loss, damage, or injury sustained by Plaintiffs, and such loss, damage, or injury was due in whole or in part to the actions, omissions or failures of others, then Plaintiffs' recovery against Defendant Woods, or any of other Defendant, should be reduced in whole or in part by reason of the doctrines of comparative and/or superseding fault.

**EIGHTH DEFENSE**

As an affirmative defense, Defendant Woods pleads that the due process provisions of the United States and Kentucky Constitutions bar, in whole or in part, the Plaintiffs' claims for punitive damages. Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution; the prohibition against cruel and unusual punishments and excessive fines in the Eighth Amendment to the United States Constitution as applied to the states through the Due Process Clause of Fourteenth Amendment to the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as applied through the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and the Constitution of Kentucky. In addition, Plaintiffs have failed to state a claim for punitive damages under the common law, federal law, and/or KRS 411.184 through 411.186 and the claims and demands for the same should be dismissed.

**NINTH DEFENSE**

Defendant Woods adopts and incorporates herein by reference any affirmative defense asserted by any other Defendant to this action to the extent that such affirmative defense applies to Defendant Woods and further gives notice that he intends to assert any other defenses as may become available or appear during discovery proceedings in this case. Defendant Woods reserves any and all rights to amend his Answer to add additional affirmative defenses as discovery in this matter is conducted.

**TENTH DEFENSE**

Defendant Woods asserts the Paul D. Coverdell Teacher Protection Act of 2001 as a complete and affirmative defense to this action.

**ELEVENTH DEFENSE**

If Plaintiffs sustained any loss, damage, or injury as asserted in the Complaint, such was caused or brought about solely by the acts or omissions of persons other than Defendant Woods, or any other Defendant, which acts or omissions were an intervening and superseding cause, event, or action not under the control of Defendant Woods, or any other Defendant, and Defendant Woods affirmatively pleads and relies upon such as a bar in whole or in part, to the causes of action asserted herein by Plaintiffs.

**TWELFTH DEFENSE**

Plaintiffs' claims should be barred, in whole or in part, to the extent Plaintiffs have failed to name an indispensable party to this action.

**THIRTEENTH DEFENSE**

Plaintiffs' claims for recovery should be barred, in whole or in part, to the extent they have failed to reasonably mitigate damages.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for recovery should be barred to the extent they are attributable in whole or in part to pre-existing conditions and/or collateral causes and/or subsequent conditions that Defendant Woods did not create or are not otherwise responsible for.

**FIFTEENTH DEFENSE**

Plaintiffs' claims for recovery should be barred to the extent they are attributable in whole or in part to pre-existing conditions and/or collateral causes and/or subsequent conditions that Defendant Woods did not create or are not otherwise responsible for.

**SIXTEENTH DEFENSE**

Plaintiffs may have failed to mitigate any and all of their alleged damages and/or aggravated same by their own actions or inactions, which bars in whole or in part their claims for damages.

**SEVENTEENTH DEFENSE**

Defendant Woods pleads as an affirmative defense that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or waiver, estoppel, and laches.

**EIGHTEENTH DEFENSE**

Defendants provisionally plead the affirmative defenses of FRCP 8 and FRCP 12, as if fully restated herein and to the extent not already expressly stated herein, with the applicability thereof, if any, to be determined during discovery with amendment to pleadings accordingly.

**NINETEENTH DEFENSE**

Defendant Woods reserves the right to raise any and all separate defenses that may become evident during discovery and during other proceedings in this action.

WHEREFORE, Defendant Woods prays for relief as follows:

A. Dismissal of the complaint with prejudice;

B. An award of reasonable attorney's fees and court costs herein expended; and

C. All other relief to which he may be entitled.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
Email: mowsley@elpolaw.com
lporter@elpolaw.com

By: /s/ Michael A. Owsley
MICHAEL A. OWSLEY
LINDSAY TATE PORTER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/EFC System which will send electronic notification to the following:

Tracy D. Frye
Marie E. Troxler
Whitney N. Davis
Frye, Troxler & Davis, PSC
400 Ferry Street, P.O. Box 411
Russell, KY 41169
E-mail: tracydfrye@me.com
marietroxler@fryelawpsc.com
whitneydavis@fryelawpsc.com
*Attorneys for Plaintiffs*

Joshua M. Salsburey
Elizabeth A. Deener
Emma J. Redinger
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
Email: jsalsburey@sturgillturner.com
edeener@sturgillturner.com
eredinger@sturgillturner.com
*Attorneys for Defendant Scott County Board of Education, Billy Parker, Brent Allen, Elizabeth Gabehart, and Randy Maynard*

/s/ Michael A. Owsley
MICHAEL A. OWSLEY